**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CLIFTON LEE FUNZIE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **Case No. 22-cv-751-DWD** |
| ) | |
| **DANIEL SPROUL,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Petitioner Clifton Lee Funzie, who is currently incarcerated at USP-Marion, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Relying on the Supreme Court's recent decision in *Wooden v. United States*, 142 S. Ct. 1063, 1071 (2022), Funzie challenges his conviction and 188-month sentence for two violations of 18 U.S.C. § 922(g) in *United States v. Funzie*, 07-cr-20192-JPM (W.D. Tenn). In *Wooden*, the Supreme Court clarified the language of the Armed Career Criminal Act requiring predicate convictions to be "committed on occasions different from one another." *See* 18 U.S.C. § 924(e). The Supreme Court held that the word "occasion" means "an episode or event" such that "[o]ffenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion." *Wooden*, 142 S. Ct. at 1071.

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

<u>Discussion</u>

A prisoner may only challenge his federal conviction or sentence under 28 U.S.C. § 2241 in very limited circumstances.  Generally, Section 2241 petitions may not be used to raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is ordinarily limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).   However, Section 2255(e) contains a "saving clause" which authorizes a federal prisoner to file a 28 U.S.C. § 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). Section 2255 relief is inadequate "when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis in original).

Therefore, before relief under § 2241 becomes available, a petitioner must demonstrate the inability of a 28 U.S.C. § 2255 motion to cure the alleged defect in their

conviction because of a structural problem inherent in § 2255. *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (Petitioner must show "something more than a lack of success with a section 2255 motion" before the savings clause is satisfied). Following *Davenport* and its progeny, the Seventh Circuit has developed a three-part test for determining whether § 2255 is inadequate or ineffective so to trigger the savings clause:

> 1.    The federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to a decision of constitutional interpretation, which the inmate could raise in a second or successive § 2255 motion);
>
> 2.    The statutory rule of law in question must apply retroactively to cases on collateral review *and* could not have been invoked in a first § 2255 motion; and
>
> 3.    A failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute "a miscarriage of justice."

*Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020) (emphasis in original) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)).

Petitioner argues that relief under § 2255 is inadequate or ineffective because he could not have brought this argument in his prior § 2255 motion, which he states was filed in 2009.[1] He claims that prevailing case law at the time foreclosed this argument, and further argues that the Supreme Court's decision in *Woodon* announced a new rule of statutory interpretation that must apply retroactively. Finally, Petitioner contends that had the multi-factor inquiry from *Woodon* applied in his case, his sentence would not have

---

[1] The fact that Petitioner has filed a prior § 2255 motion does not, alone, render Section 2255 an inadequate remedy despite Section 2255's limitation on filing successive motions. *See In re Davenport*, 147 F.3d at 609.

been enhanced under the ACCA, and he would have already served the maximum amount of time authorized by Congress for his 18 U.S.C. § 922(g) offense, resulting in an alleged miscarriage of justice.

In sum, Petitioner argues that the prior convictions used to enhance his sentence are more aptly characterized as one offense using the multi-factor analysis announced in *Wooden*.   Attached to the Petition is a one-page document which provides a short summary of the prior convictions used by the sentencing court to qualify Petitioner as a career offender under the ACCA (Doc. 1, p. 7).[2]  In pertinent part, the sentencing Court used three prior convictions for aggravated robbery, including:

(1) a 1998 conviction for two counts of aggravated robbery which occurred on November 23, 1998, when Funzie and two accomplices robbed two persons at gunpoint;

(2) a 1998 conviction for five counts of aggravated robbery which occurred on December 6, 1998 when Funzie and three accomplices committed an armed robbery at Rebas Place Lounge in Memphis; and

(3) a 1998 conviction for aggravated robbery which occurred on November 27, 1998 when Funzie and one accomplice committed an armed robbery on a single victim in Shelby County.

(Doc. 1, p. 7).   Petitioner now claims that some of these offenses should have been construed as the same "offense" under the *Wooden* analysis because they "occurred during a 14-day period from November 23, 1998 to December 6, 1998", there "was no intervening arrest between any of the offenses", "all of the offenses occurred in the area

---

[2] This document appears to be a page Petitioner's § 2255 proceedings in *Funzie v. United States of America*, Case No. 9-cv-2644 (W.D. Tenn).  The Court can take judicial notice of these documents.  *See Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.").

surrounding Mr. Funzie's home, and two of the offenses occurred within 100 feet of each other" and the offenses "shared a common scheme or purpose."

The Court is skeptical of Petitioner's reading of *Wooden*. Specifically, in *Wooden*, the Supreme Court emphasized that courts of appeals "have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart, or at a significant distance." *Wooden*, 142 S. Ct. at 1071. Notwithstanding the separate counts of each of the convictions detailed in his Petition, the occasions listed appear to have occurred multiple days apart, including on November 23, 1998, November 27, 1998, and December 6, 1998. Assuming these dates are correct, Petitioner will have considerable issues arguing that the sentencing court erred in categorizing these convictions as three separate occasions even with the Supreme Court's guidance in *Wooden*. Nevertheless, without the benefit of a full record before the Court, the Court finds it prudent to allow Petitioner's claim to proceed. That is, during its initial review, the Court declines to find that Petitioner's claim is without merit based solely on the petition and attachments and will order a response. In doing so, the Court is not expressing any opinion on whether the application of *Wooden* satisfies the *Davenport* factors, or whether Petitioner may indeed be entitled to relief under § 2241.

**IT IS HEREBY ORDERED** that Respondent, the Warden of USP Marion, shall answer or otherwise plead to the Petition (Doc. 1) by **July 11, 2022**. This preliminary order to respond does not preclude Respondent from raising any objection or defense Respondent may wish to present. Service upon the United States Attorney for the

Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than 7 days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. See Fed. R. Civ. P. 41(b).

Finally, Petitioner's Motion for Counsel (Doc. 3) will be denied, without prejudice. There is no constitutional right to counsel in habeas corpus cases. *Lavin v. Rednour*, 641 F.3d 830, 833 (7th Cir. 2011) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). Under Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court is required to appoint counsel for a financially eligible habeas petitioner if an evidentiary hearing will be held. Based solely on the petition, it does not appear that an evidentiary hearing is yet warranted in this case, thus Rule 8(c) does not compel the appointment of counsel.

In cases where no evidentiary hearing will be held, 28 U.S.C. § 2254(h) provides that the court may appoint counsel for an indigent habeas petitioner, and that the appointment of counsel in such a case is governed by 18 U.S.C. § 3006A. Neither statute creates a right to counsel; rather, they give the court broad discretion to appoint counsel for a petitioner seeking habeas relief if "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Further, a district court should consider five factors when ruling on a request to appoint counsel: (1) whether the merits of the claim

are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present the case; and (5) complexity of the legal issues raised by the complaint. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983).

Applying these factors here, the undersigned finds that appointment of counsel is not warranted at this time. Although the merits of Funzie's claims survived preliminary review, the other factors do not weigh in favor of appointing counsel. Specifically, the claims presented do not appear to involve investigation of facts at this time, rather, the record in this case will likely contain all the facts needed for resolution of the habeas claims. Further, Funzie's clear presentation of his arguments and citation to relevant case law in his Petition indicate an understanding of the complexity of the issues he raises and show that he is capable of presenting his case at this stage.  Accordingly, the Motion for Appointment of Counsel (Doc. 3) is **DENIED, without prejudice**.  However, the Court will remain open to the appointment of counsel in the future.

     **SO ORDERED.**

     Dated: June 9, 2022

                                           _____

                                           DAVID W. DUGAN
                                         United States District Judge