IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLIFTON LEE FUNZIE,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 22-cv-751-DWD |
| | ) |
| **DANIEL SPROUL,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

In this matter, Petitioner Clifton Lee Funzie, seeks a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, relying on the Supreme Court's recent decision in *Wooden v. United States*, 142 S. Ct. 1063, 1071 (2022) (Doc. 1). On June 9, 2022, the Court set a briefing schedule on Funzie's petition (Doc. 6). Respondent filed a response to the petition on July 11, 2022 (Doc. 10). By Motions dated July 25, 2022, Petitioner asks for the appointment of counsel (Doc. 11) and for additional time to file a reply (Doc. 12).

Petitioner's Motion for Extension of Time (Doc. 12) is **GRANTED**. Petitioner may file a reply brief, if at all, by **September 1, 2022**.

However, Petitioner's Motion for Counsel (Doc. 11) will be denied. As detailed in the Court's screening order (Doc. 6), there is no constitutional right to counsel in habeas corpus cases. *Lavin v. Rednour*, 641 F.3d 830, 833 (7th Cir. 2011) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). While Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts,

requires the Court to appoint counsel for a financially eligible habeas petitioner if an evidentiary hearing will be held, it does not appear from the petition (Doc. 1) or Respondent's response (Doc. 10) that an evidentiary hearing is warranted in this case. There, Rule 8(c) does not compel the appointment of counsel.

Moreover, while the court has discretion under 28 U.S.C. § 2254(h) to appoint counsel for an indigent habeas petitioner, in accordance with 18 U.S.C. § 3006A, neither statute creates a right to counsel; rather, they give the court broad discretion to appoint counsel for a petitioner seeking habeas relief if "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Further, a district court should consider five factors when ruling on a request to appoint counsel: (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present the case; and (5) complexity of the legal issues raised by the complaint. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983).

Applying these factors here, the undersigned finds that appointment of counsel is not warranted at this time. Although the merits of Funzie's claims survived preliminary review, the other factors do not weigh in favor of appointing counsel. Specifically, the claims presented do not appear to involve investigation of facts at this time, rather, there appear to be few, if any, disputed facts between the parties, and the record likely contains all the facts needed for resolution of the habeas claims. Further, Funzie's filings in this matter indicate that he is able to clearly and concisely present his arguments and cite to

relevant case law such that he appears to understand the complexity of the issues he raises.  Although Funzie argues that he is no longer receiving assistance from an individual that had previously helped him prepare his habeas petition, his other filings, including his recent Motions (*see* Doc. 11, Doc. 12) show that he is capable of presenting his case at this stage.  Accordingly, the Motion for Appointment of Counsel (Doc. 11) is **DENIED, without prejudice**.  However, the Court will remain open to the appointment of counsel in the future should appropriate circumstances arise

    **SO ORDERED.**

    Dated: July 26, 2022

    DAVID W. DUGAN
    United States District Judge