IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLIFTON LEE FUNZIE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 22-cv-751-DWD |
| | ) |
| DANIEL SPROUL, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Now before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Clifton Lee Funzie (Doc. 1; Doc. 9). Petitioner is a former inmate at the United States Penitentiary at Marion, within the Southern District of Illinois (Doc. 1). Petitioner has since been transferred to USP-McCreary, in Pine Knot, Kentucky (Doc. 19). His transfer does not affect this Court's jurisdiction because jurisdiction over a habeas corpus petition is determined when the petition is filed. *Gamboa v. Daniels*, 26 F.4th 410, 414 (7th Cir. 2022); *see also Sanders v. M. Joseph*, 72 F.4th 822, 823 n.1 (7th Cir. 2023) (change in custodian does not affect habeas jurisdiction).

Petitioner challenges his 188-month sentence for two violations of 18 U.S.C. § 922(g). *See United States v. Funzie*, 07-cr-20192-JPM (W.D. Tenn) ("Criminal Case") (Doc. 1; Doc. 9). Funzie invokes *Wooden v. United States*, 595 U.S. 360 (2022), where the United States Supreme Court clarified that the language of the Armed Career Criminal Act, requiring predicate convictions to be "committed on occasions difference from one

1

another." *Wooden*, 595 U.S. 360 (holding that the word "occasion" means "an episode or event" such that "[o]ffenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion."). Funzie argues that the prior convictions used to enhance his sentence are more aptly characterized as one offense using the muti-factor analysis announced in *Wooden*. The Government opposes Funzie's petition (Doc. 10), and Funzie filed a reply (Doc. 14). As further detailed below, the Supreme Court's recent decision in *Jones v. Hendrix*, 599 U.S. 465 (2023), makes it clear that this Court does not have jurisdiction to entertain Petitioner's claim, and the Petition will be dismissed. *Hogsett v. Lillard*, 72 F.4th 819, 822 (7th Cir. 2023).

## Background

Preliminarily, the Court observes that the Government provided a thorough overview of the procedural history of Petitioner's criminal case in *United States v. Funzie,* Case No. 2:07-mj-00055-jha (W.D. Tenn) (Doc. 10). In doing so, the Government cites to many documents and docket entries in Petitioner's Criminal Case. However, the underlying documents were not included with the Government's response for the Court's review. Further, as only some of the cited documents are electronically available on the docket sheet in Petitioner's Criminal Case, the Court is unable to verify the accuracy of all representations made by the Government in its Response. For example, the Court was unable to review the entirety of Petitioner's underlying Indictment, PSR, and Judgment. Petitioner has not, however, objected to the accuracy of the procedural history of his criminal case as presented by the Government. Nevertheless, the background described here comes from the verifiable information supplied by the

parties, in addition to the recitation of the facts detailed in the Order denying Petitioner's Motion to Vacate, Set Aside, or Correct Sentenced pursuant to 28 U.S.C. § 2255, which was filed in the Western District of Tennessee. *See Funzie v. United States of America* Case No. 2:09-cv-02644-JPM-tmp, at Doc. 13 (W.D. Tenn, Jan. 2, 2013).[1]

On June 25, 2008, Petitioner pled guilty to two-counts of an Indictment charging him with two counts of unlawful possession of a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g). *See Funzie,* W.D. Tenn. Case No. 2:07-mj-00055-jha, at Doc. 55; *see also Funzie,* W.D. Tenn. Case No. 2:09-cv-02644-JPM-tmp, at Doc. 13, p. 3. On November 4, 2008, Petitioner was sentenced to a total term of imprisonment of 188 months, to be followed by a three-year term of supervised release. *Funzie,* W.D. Tenn. Case No. 2:07-mj-00055-jha, at Doc. 72. Petitioner did not appeal his sentence. *Funzie*, W.D. Tenn. Case No. 2:09-cv-02644-JPM-tmp, at Doc. 13, p. 6. Petitioner was sentenced as an armed career criminal based on three prior convictions for aggravated robbery. *Id.* at Doc. 13, p. 5. Petitioner's predicated offenses occurred on November 23, 1998, December 6, 1998, and November 27, 1998. *Id.* at Doc. 13, p. 13; *see also* Doc. 1; Doc. 10. Petitioner did not file objections to the guideline calculation and criminal history calculation set forth in the presentence investigation report filed in his Criminal Case. *See Funzie,* W.D. Tenn. Case No. 2:07-mj-00055-jha, at Doc. 70.

---

[1] The Court is entitled to take judicial notice of these court documents. *See Keller v. Walton*, No. 14-CV-594-DRH, 2014 WL 2861547, at *1 (S.D. Ill. June 24, 2014), *aff'd* (July 30, 2015) (district courts may judicially notice public records available on Public Access to Court Electronic Records ("PACER") and other court documents to determine petitioner's criminal and litigation history) (citing *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) and *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994)).

On October 6, 2009, Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. *See Funzie*, W.D. Tenn. Case No. 2:09-cv-02644-JPM-tmp, at Doc. 1. In his § 2255 Motion, Petitioner argued that his criminal history points were calculated incorrectly, and he received ineffective assistance of counsel. *Id.* at Doc. 13. His § 2255 Motion was denied on January 2, 2013, and Petitioner did not appeal. *Id.* Petitioner then filed an application with the Sixth Circuit Court of Appeals requesting permission to file a second motion to vacate, set aside, or correct his sentence, invoking the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The Sixth Circuit denied his request on August 24, 2021. *Id.* at Doc. 21.

## Discussion

"To collaterally attack a conviction or sentence, a federal prisoner files a motion to vacate under 28 U.S.C. § 2255, not a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241." *Hogsett v. Lillard*, 72 F.4th 819, 820 (7th Cir. 2023). The procedural history of Petitioner's case presents a problem for him because he previously filed a 28 U.S.C. § 2255 motion in the Western District of Tennessee. *See Funzie*, W.D. Tenn. Case No. 2:09-cv-02644-JPM-tmp. Having done so, Section 2255(h) bars him from filing a second or successive motion, unless that second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

4

Petitioner's *Wooden* claim is a claim of statutory interpretation because *Wooden* clarified the construction of the Armed Career Criminal Act's occasions clause. Thus, this claim satisfies neither of Section 2255(h)'s requirements that a second or successive motion be based on "newly discovered evidence" of innocence or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h); *Horton v. Lovett*, 72 F.4th 825, 826 (7th Cir. 2023). Accordingly, Petitioner could not pursue the relief he seeks in a motion under 28 U.S.C. § 2255. *See Hogsett*, 72 F.4th at 821 ("intervening Supreme Court statutory interpretation decisions are outside the ambit of § 2255(h)") (quoting *Mangine v. Withers*, 39 F.4th 443, 447 (7th Cir. 2022)) (internal markings removed).

Against this back group, Petitioner filed the instant petition under 28 U.S.C. § 2241. Until recently, the Section 2241 remedy was theoretically available to a petitioner in Funzie's position under 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). Under what became known as 28 U.S.C. § 2255(e)'s "saving clause", the Seventh Circuit permitted federal inmates to seek collateral relief in certain circumstances, even if their claims did not qualify for a second or successive motion under Section 2255(h). *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). This avenue was available if the petitioner satisfied the following threshold requirements:

5

(1) the claim relies on a statutory interpretation case, not a constitutional case and thus could not have been invoked by a successive § 2255 motion;

(2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and

(3) the error is grave enough to be deemed a miscarriage of justice.

*Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019) (explaining *Davenport* framework).

Specifically, *Davenport* held that Section 2255 is "inadequate or ineffective"—and Section 2241 relief was therefore available— "when the limits on successive § 2255 motions bar relief and the prisoner's claim is based on a new interpretation of a criminal statute that was previously foreclosed by circuit precedent." *Horton,* 72 F.4th at 827. Although his briefing does not specifically address this procedural issue in detail, Petitioner's pending Section 2241 petition purports to raise a *Davenport* claim. (Doc. 1) (describing how *Wooden* could not have been brought in Petitioner's first § 2255 Motion filed in 2009 as it was foreclosed by Sixth Circuit precedent).

Unfortunately for Petitioner, the *Davenport* path to relief is closed for him as well. The Supreme Court's recent decision in *Jones v. Hendrix* abrogated *Davenport*'s interpretation of the saving clause. *Jones*, 599 U.S. at 477. The Supreme Court held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the Antiterrorism and Effective Death Penalty Act]'s restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones*, 599 U.S. at 471. Indeed, the Supreme Court explained that:

> Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences. The inability of a prisoner with a statutory claim to

6

satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case.

*Id.* at 480.

Because Section 2255(h) provides the only two conditions under which a federal inmate may pursue a second or successive collateral attack on his conviction or sentence (newly discovered evidence or a new rule of constitutional law), the Court reasoned that Congress did not intend to authorize successive collateral attacks under Section 2241 based on more favorable interpretations of *statutory* law. *Id.* at 479. Moreover, the saving clause only covers "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court" under 28 U.S.C. § 2255, such as when the sentencing court has dissolved. *See id.* at 474. *Jones* therefore controls this case, and forecloses Petitioner from testing the validity of his sentence under *Wooden*. *Hogsett v. Lillard*, 72 F.4th 819, 822 (7th Cir. 2023) ("*Jones* holds that federal courts lack jurisdiction to consider habeas petitions filed by federal prisoners in [Petitioner's] position.").

## Conclusion

For these reasons, Petitioner Clifton Lee Funzie's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED for lack of jurisdiction**.

**SO ORDERED.**

Dated: November 17, 2023         /s David W. Dugan
                                 _____
                                 DAVID W. DUGAN
                                 United States District Judge